## BARKER *v.* BARKER.

In the case of a written contract to deliver specific articles on demand, if no place is named, the parties may afterward verbally agree on a place.

If the obligor in such case offer to deliver at any one of three places named, as the creditor shall elect, the latter need not unless required by the terms of the offer accept it when it is made, but may have a reasonable time to make his election.

If the obligor in such case declare to the agent of the creditor appointed to receive the articles, that he will not deliver them at all, and make no objection to the place or the demand, such declaration amounts to a waiver of a demand.

In an action brought by an administrator for the benefit of the estate in the name of the party to the contract, the administrator is a competent witness if he has no interest. If he have an interest as heir and creditor, he may assign it to the nominal plaintiff, and on being released by him from liability for costs, become competent to testify.

The plaintiff having given evidence of a particular conversation of the defendant, the latter is not thereby entitled to put in evidence his sayings at other times not referred to in such conversation.

ASSUMPSIT, upon a promissory note dated March 24, 1836, for $45.27 payable to the plaintiff or order on demand with interest, in saddles and harnesses at cash price.

Plea, the general issue with a brief statement setting forth that the defendant in 1840 made a parol agreement with Reuben Hayes, then the holder of said note, that it should be paid at Wolfborough, and that the defendant had the articles there of a sufficient amount, and requested Hayes to come to that place and receive payment accordingly, which he refused to do.

It appeared on the trial that some time prior to 1838, the note was assigned by the payee to a son of Reuben, one Charles Hayes, who died in December of that year insolvent; that Reuben Hayes was his administrator, heir, and principal creditor, and that this action was commenced by his direction and for the benefit of the estate.

Barker v. Barker.

The evidence offered by the plaintiff tended to show, that at the time the note was made both of the parties resided at Farmington.

The defendant offered evidence tending to prove the allegations contained in his brief statement. And the plaintiff introduced evidence tending to prove that in October 1842, Reuben Hayes and the defendant met at South Wolfborough, and agreed that the note should be paid at Farmington, and that Hayes should leave it with the payee or with Nehemiah Eastman, Esq., for that purpose; that both the payee and Eastman resided in Farmington, where the defendant also lived at that time, and that he so left it with Eastman, who gave notice to the defendant that he had the note and would receive the pay.

Eastman testified that he had several conversations with the defendant upon the subject, but the plaintiff required him to testify only as to the last; and he testified that at that time the defendant came into his office and did not object to paying there on account of its not being the right place, and said "that he would not pay it at all."

Eastman also testified that he never mentioned any particular day or place when and where he would receive the pay, but informed the defendant generally that he would receive the pay and agree with him upon appraisers, if they could not agree about the value of the articles.

The defendant proposed to ask Eastman whether at any of their conversations prior to the one about which he testified, the defendant at any time objected to paying the note at Farmington, alleging that the place agreed upon was Wolfborough; to this question the plaintiff objected and the court sustained the objection.

To prove the contract at South Wolfborough as above stated, the plaintiff offered said Reuben Hayes as a witness among others, to which the defendant objected. He then executed an assignment and release of all his interest in the estate of Charles Hayes deceased, and all his claims

against the same, to the plaintiff, who at the same time released the witness from all liability for costs in the action and agreed to save him harmless in respect thereof. And the court admitted him to testify (the defendant objecting), that there was no contract made other than that the defendant then told Hayes that he was ready to pay the note, either at Farmington, at Wolfborough, or at South Wolfborough, but that Hayes made no reply to this offer.

The court instructed the jury, that if they believed the parties agreed in 1840 that the note should be paid at Wolfborough, that that place thereafter became the place of payment, unless they subsequently agreed to change it; that if they believed that the defendant at South Wolfborough in October 1842 offered to pay it either at South Wolfborough, at Wolfborough, or at Farmington, and Hayes did not elect at that time, that he might afterward, within a reasonable time, notify the defendant and make his election; but if they believed from the whole evidence that the agreement at South Wolfborough was, that it should be paid at Farmington, either to the payee or to Eastman, with whom Hayes should leave the note, then the demand of Eastman, having the note left with him by Hayes for that purpose, was good; and the defendant's refusal to pay there would entitle the plaintiff to a verdict; and whether the agreement at South Wolfborough was as the plaintiff alleges, or as is alleged by the defendant, still if they believed that the defendant gave notice to Eastman that he would not pay it at all, the plaintiff was not bound to demand it at any other place; and that any demand after such a notice was unnecessary; and by the request of both parties the court put to the jury the following questions in writing, which they were requested to answer separately, in addition to their general verdict, and both which the jury answered in the affirmative:

1. Did the parties when at Mink Brook on the 7th of October, agree that the note should be paid at Farmington?

2. Did the defendant refuse to pay the note at all, and so notify or tell Mr. Eastman ?

The jury returned a verdict for the plaintiff, and the defendant excepted to the foregoing rulings and instructions of the court, and moved that the verdict be set aside and a new trial granted for these reasons.

*Christie*, for the plaintiff.

*James Bell*, for the defendant.

GILCHRIST, J.   In contracts for the delivery of specific articles on demand, where no place is expressed, the usual residence of the obligor is the place of performance ; and a demand there is in general a necessary preliminary to an action founded on such contract.   *Goodwin* v. *Holbrook*, 4 Wend. 377 ; *Barker* v. *Jones*, 8 N. H. 413.   But it is held to be competent for the parties verbally to agree to alter the terms of a written contract fixing the place.   *Robinson* v. *Batchelder*, 4 N. H. 40 ; and therefore *a fortiori* may they in the same manner determine the place of performance, when the original agreement has omitted to do so.

It was therefore in this case a pertinent question whether any such supplemental agreement had been made by the parties.   But there are questions as to the relevancy and the competency of the evidence bearing upon this point, produced and admitted at the trial.

One of these relates to the instructions given to the jury as to the offer made by the defendant at South Wolfborough, to deliver the articles at such of three places named as the holder of the note might elect, taken in connection with his subsequent election to receive them at Farmington.

The effect of this offer was an undertaking on the part of the defendant that if the holder of the note would elect between the three places named, the defendant would upon notice of such election and demand made deliver them

accordingly. This proposition he now insists was one which was not binding upon him, for the reason that the creditor did not then and there signify his acceptance of it and make his election.

It was held in *Morse* v. *Bellows*, 7 N. H. 549, that the proposition in that case though not accepted at the time, but acted upon within a period which was reasonable for the parties to take to perform the acts contemplated in the proposal, became by such action a contract clothed with legal consideration and perfected with the requisite conditions of mutuality.

It is not apparent that the proposition of the defendant in the present case was of a different nature, or that it required to be accepted in formal terms the moment it was made.

It might not unreasonably be supposed that the parties intended to defer to fix the place, till the creditor should see fit, by making a demand, to limit the time for fulfilling the contract. However that may have been, we are disposed to consider the proposal as the court below considered it, as one that the creditor was entitled to a reasonable time to act upon, and are accordingly of the opinion that the ruling on that head was correct.

We also sustain the ruling of the court which was to the effect that the defendant protesting to Mr. Eastman upon demand made, that he would not pay the note at all, and making no objection to the place where he was called upon to perform, to all intents and purposes waived the demand which might upon the evidence have been found necessary for laying the foundation of this action.

Another exception relates to the admission of Hayes as a witness for the plaintiff. At the commencement of the suit he had a direct interest in it, having caused it to be brought for the benefit of an estate to which he stood in the threefold relation of administrator, sole heir, and principal creditor.

As administrator he had no interest in the suit. Those holding that trust are not competent witnesses in the suits which they bring in behalf of the estates of their intestates. But their exclusion is not upon the ground of interest in the principal matter of the controversy, but because they are parties to the record, and therefore liable personally for costs.

Such liability did not attach to the witness here, but to the nominal plaintiff who sued in his behalf, and who has released him from all claims for costs to which he may consequentially become liable.

As heir and as a creditor he at first had an interest in connection with other creditors in what the plaintiff on the record might recover as trustee to the estate. But this he has entirely put off by the instrument which has conveyed it to the plaintiff. So that whatever the latter recovers now, he holds for his own use, except so far as the creditors of the estate other than Hayes may have a claim in equity for their proper proportions or dividends. The witness was therefore without apparent interest and was properly admitted.

The defendant offered at the trial to prove his own sayings. This he did upon the ground that the witness whom he proposed to interrogate had at the instance of the plaintiff who introduced him, already testified to some of them, relating to the same subjects with those with regard to which he desired to prove his other sayings.

It is the right of a party to prove such conversations of his opponent relating to matters in controversy as appear to contain admissions or statements tending to establish his own case. But that privilege does not extend so far as to authorize him to introduce parts of a discourse and to exclude from view such other portions as if disclosed, would qualify or contradict the purport of the first. And the party assailed may protect himself on cross-examination of the witness, by requiring him to state the whole

Barker *v.* Barker.

of the conversation thus made evidence in the case. He may go further; and if in that conversation reference is had to expressions used by him on former occasions, he may bring these forward so far as they are required to render complete and intelligible the conversation first shown in evidence.

These are very familiar and well established rules. If it had been made to appear that in the conversation which the plaintiff proved between the witness and the defendant, any reference had been made to former expressions used by either, which imparted any significance to the remarks of either beyond their ordinary and obvious meaning, those expressions might have been proved by the defendant. But no such fact was shown, and no foundation laid by such means for the evidence offered by the defendant. Nor did he so far as we are advised bring himself within any exception to that general rule which precludes a party from supporting his cause by giving evidence of his own sayings. The court therefore properly excluded the evidence.

All the exceptions reported, some of which appear to have been rendered immaterial by the special finding of the jury, are therefore overruled and there must be

*Judgment on the verdict.*